ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
Micah Schmit
Assistant U.S. Attorney
Arizona State Bar No. 014887
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: bev.anderson@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Roger Dale GODWIN,<br><br>Defendant. | CR-17-1620-TUC-RCC(DTF)<br><br>PLEA AGREEMENT |
|---|---|

The United States of America and defendant Roger Dale GODWIN agree to the following disposition:

### PLEA

Defendant agrees to plead guilty to **Count One** of the Indictment charging him with a violation of Title 18 United States Code, § 871(a), Threats Against the President, a Class D felony; and **Count Two** of the Indictment charging him with violation of Title 18 U.S.C. § 876(c), Mail Threats, a Class D felony.

### ELEMENTS OF THE CRIMES

COUNT 1: Threats Against the President:

(1) Defendant knowingly and willfully made a threat to take the life of, or to inflict bodily harm upon a victim;

(2) the victim was the President of the United States.

COUNT 2: Mailing Threatening Communications:

(1) Defendant knowingly deposited any communication in any post office, or authorized depository for mail matter, to be sent or delivered by the U.S. Postal Service;

(2) Said mail matter contained any threat to injure the person of the addressee or of another, including any official, officer or employee of the United States.

TERMS

Defendant understands his guilty plea is conditioned upon the following terms, stipulations, and requirements:

1. Maximum Penalties.

a. COUNT I: The maximum penalties for a violation of Tile 18 United States Code, § **871(a)** are: a fine of $250,000, a 5-year term of imprisonment, and a 3-year term of supervised release or a five (5) year term of probation.

COUNT II: The maximum penalties for a violation of Tile 18 United States Code, § **876(c)** are: a fine of $250,000, a 10-year term of imprisonment, and a 3-year term of supervised release.

b. Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1) order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

(2) order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on defendant of $100.00 per felony count. The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

     d.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is his automatic removal from the United States.

2.    <u>Agreements Regarding Sentencing</u>.

     a.    The government and defendant stipulate that the total offense level in the U.S. Sentencing Guidelines [Guidelines] is calculated as follows:

COUNT I:

| | |
|---|---|
| Base Offense Level: § 2A6.1(a)(1) | 12 |
| Official Victim: § 3A1.2(a) & (b) | +6 |
| Adjusted Offense Level: | 18 |

COUNT II:

| | |
|---|---|
| Base Offense Level: | 12 |
| Official Victim: § 3A1.2(a) & (b) | +6 |
| Intent/Steps Towards Carrying Out: 2A6.1 (b)(1) | +6 |
| Substantial Disruption: 2A6.1(b)(4)(A) | +4 |
| Adjusted Offense Level: | 28 |

     (i)    Pursuant to § 3E1.1(a) of the Guidelines, the government will recommend a -3 level downward adjustment to the adjusted offense level if (i) through the time of sentencing, the government is convinced that defendant has demonstrated "acceptance of responsibility" for the offense to which she is pleading guilty; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state or local crimes, or engaged in

conduct that constitutes "obstruction of justice," as defined in § 3C1.1 of the Guidelines. The government will also award an additional downward variance under 18 USC § 3553(a) and/or departure under § 5K2.0 in acknowledgement for the defendant pleading guilty to *both* Counts I and II *and* for not litigating any pretrial issues.

      (ii)    Using the guideline calculations above, and subtracting 3 levels for acceptance of responsibility and any additional levels for other considerations noted above, the **total offense level shall become 22**. Defendant's likely Criminal History (Cr Hx) Category is VI, resulting in an imprisonment range of 84 to 105 months.[1]

    b.    Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., with regard to **Count II**: the parties agree to a sentencing range **capped at 84 months' imprisonment,** *consecutive* to any other existing/active case. The defendant may argue for a sentence at or below that level based upon any 18 USC § 3553 factors which he feels are applicable. However, the government is entitled to challenge all of them. The defendant shall serve a term of **3 years' supervised release** following his release from prison.

    With regard to **Count I**: the parties stipulate to a concurrent imposition of **five (5) years' Probation**, at his *initial* sentencing on this case only.[2]

    c.    Defendant understands that the Court is neither a party to nor bound by this agreement and the Court has complete discretion to impose the maximum sentence possible for the crime to which defendant has pled. If the Court imposes a sentence greater than the maximum term agreed upon by the parties or otherwise rejects the plea agreement, the

---

[1] There is a reasonable possibility that Defendant qualifies as a Career Offender under USSG § 4B1.1. However, because the defendant is statutorily capped at a maximum imprisonment range of 10 years, the parties agree that this shall not effect the negotiated ranges, especially since they already contemplate a Cr Hx level VI. The above-mentioned variance/considerations – including a plea to *two* counts and a stipulated consecutive imprisonment range – are, therefore, designed to operate even where § 4B1.1 might apply.

[2] Should the defendant incur a revocation of *Probation*, the District Court has this offense's full 5-year statutory imprisonment range available at the disposition/sentencing.

defendant may withdraw his guilty plea as authorized by Rule 11(d)(2)(A), Fed. R. Crim. P. Defendant understands that he may not withdraw from this plea agreement if the court accepts the agreement and sentences him within the agreed sentencing range.

    d.    This agreement is expressly conditioned upon the accuracy of Defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history prior to sentencing in addition to that known by the government shall entitle the government to withdraw from this agreement.

3.    <u>Assets and Financial Responsibility</u>

    a.    The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose; (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures); (vi) submit to an interview in which the defendant will fully and truthfully answer all questions regarding the defendant's past and present financial condition; The defendant agrees that any failure to comply with the provisions in this paragraph that occurs prior to sentencing will result in receiving no credit for acceptance of responsibility.

b. Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules imposed while the defendant is incarcerated or on supervised release, are merely minimum schedules of payments and not the only method, nor a limitation on the methods, available to the government to enforce the judgment.

4. Breach of the Agreement.

If defendant fails to comply with any obligation or promise pursuant to this agreement, including the failure to appear at sentencing, the United States

a. may, in its sole discretion, declare any provision of this agreement null and void in accordance with paragraph (8) below and defendant understands that he shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

b. may prosecute defendant for any offense known to the United States for which defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;

c. may argue for a maximum statutory sentence for the offenses to which defendant has pled guilty.

5. Plea Addendum.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

6. <u>Waiver of Defenses and Appeal Rights</u>.

Defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The sentence imposed is consistent with the terms of this agreement provided defendant receives a sentence of 41 months imprisonment or less. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. <u>Perjury and Other False Statement Offenses and Other Offenses</u>.

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

8.   <u>Reinstitution of Prosecution</u>.

If defendant's guilty plea is rejected, withdrawn, vacated or reversed at any time, the United States will be free to prosecute defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions or defenses based upon the statute of limitations, the Speedy Trial Act or constitutional restrictions in bringing the later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial or proceeding as permitted by Fed R. Crim. P. 11(f).

9.   <u>Disclosure of Information to U.S. Probation Office</u>.

a.   Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Department.

b.   Defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to (1) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2) all financial information, e.g., present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (4) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

10.  <u>Forfeiture, Civil, and Administrative Proceedings</u>.

a.   Nothing in this agreement shall be construed to protect defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

b.   Defendant will identify all assets and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of

any crime charged in this indictment. Defendant will testify truthfully in any civil forfeiture proceeding.

  c. This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

11. Finally, the parties jointly agree and recommend that this Court urge the Bureau of Prisons to keep/send and designate that the defendant to serve out his imprisonment in any one of three localities: **USP Tucson, Arizona;** *or* **USP Terre Haute, Indiana;** *or* **USP Coleman 2, Florida**. The defendant does, however, recognize that neither the parties nor this Court has the ultimate authority to dictate where or how the BoP determines prisoner assignments.

## FACTUAL BASIS

I agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty, and that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On or about June 1, 2016, I, **Roger Dale Godwin**, while housed in USP, Tucson, a federal penitentiary in the District of Arizona, did intentionally deposit letters into the prison mail knowing they would enter the U.S. mail system, after having addressed said letters to then United States government officials: President Barak Obama and Attorney General, Loretta Lynch. Inside one such letter I included a white-powdery substance which I intended to be construed as Anthrax. I did so with the intent to kill, or threaten injury or bodily harm to, the President and the Attorney General.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of this plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering a plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself

by asserting my privilege against self-incrimination–all with the assistance of counsel–and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that any Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am placed on supervised release by the court, the terms and conditions of such supervised release are subject to modification at any time.

I further understand that, if I violate any of the conditions of my supervised release, my supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

28 June 18
Date

Roger Dale Godwin
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with defendant. No assurances, promises, or representations have been made to me or to defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

28 June 18
Date

Thomas E. Higgins, Jr., Esq.
Attorney for Defendant

### UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United

///
//
/

- 11 -

States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

6-28-18
Date

MICAH SCHMIT
Assistant U.S. Attorney