ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
MICAH SCHMIT
Assistant United States Attorney
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona 85701
Az Bar No. 014887
Email: gerard.schmit@usdoj.gov
Telephone: (520) 620-7300

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | 17-CR-01620-TUC-RCC |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Roger Dale GODWIN, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, files this brief sentencing memorandum. The government incorporates by reference paragraphs 1–119 of the Presentence Report (PSR) containing the guideline calculations and criminal and biographical history of the defendant. For the following reasons, the government recommends that this Court accept the plea agreement and impose the top end of the available range, namely: 84 mo's imprisonment, followed by 3 years' supervised release.

For the past twenty years, as methodically but succinctly recounted by the US Probation Officer over the span of almost thirty paragraphs (PSR 62-90), the defendant has consistently suffered from various personality disorders – nothing less, but quite clearly, nothing worse.  These have, almost predictably, led him to commit very impulsive and very alarming threats of violence which of resulted in multiple, consecutive prison sentences in various jurisdictions.  His latest letter-writing brings him before the District Court in Arizona, facing another lengthy sentencing for threatening officials.

When the parties negotiated the plea agreement in this case, the intent was bifurcated

– to add another consecutive prison component as merited atonement for the defendant's most recent threats – but also to add a deterrent element by way of a probation "tail" which would carry a far greater range of imprisonment should the defendant violate that probation.[1]  The parties now recognize that, while this is common in Arizona state court, this is not an option under the federal sentencing guidelines, even if by stipulation of all participants.  The parties do wish to advocate for the spirit of the plea and ask this Court to accept and apply its terms, nonetheless.

Commonly, a defendant will be offered a one count plea.  In this case, the government deliberately offered only a two count plea with the specific intent of making reciprocal adjustments (a) to a probation tail and (b) also to the ceiling of the sentencing range, in exchange for admitting to the conduct contained in *both* Counts 1 & 2.  The defendant did so, and the government stands by its intended consideration, that is to vary downward three levels to 84 months – a modest but reasonable counteroffer.  Moreover, the 84 month plea-range made available by Count 2 is substantially higher than even the statutory maximum available for Count 1 (5 years) and clearly demonstrating the compromise negotiated and intended by the parties.  This intent is also memorialized on page four of the plea agreement, as well as in footnote 2 of the agreement.

In addition, for months the defendant requested the opportunity to be able to argue for concurrent sentences *vis a vis* his historical adjudications.  After the government's forbiddance (page 4 of the agreement) the defendant ultimately surrendered that option, again in exchange for the totality of the terms of the plea agreement, including the 84 month cap within the instant agreement.

For all of these reasons, it is both reasonable and also just, that the defendant be permitted to avail himself of the terms of the negotiated plea agreement.  The government

---

[1] Unlike supervised release violations which typically carry a very limited guideline revocation range of 3-12 months, a probation revocation brings to the judge's disposal the entire original sentencing range – in this case, 5 years imprisonment.

is, however, mindful of the severity of the underlying conduct and, as such, the sentence imposed today should also be no less than the 84 month cap.  The government otherwise agrees and adopts the remaining recommendations of the probation department, to wit: 60 months' concurrent on Count 1 and 3 years' supervised release concurrent as to both Counts 1 & 2.

Respectfully submitted this 17th day of December, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Micah Schmit*

MICAH SCHMIT
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 17th day of December, 2018, to:

Thomas Higgins, Esq.,
Counsel for Defendant

Wayne Becker, USPO