**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01620-001-TUC-RCC (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Roger Dale Godwin, | |
| Defendant. | |

Pending before the Court is a letter that Defendant Roger Dale Godwin sent to this Court. (Doc. 111.) In his letter, Godwin alleges several claims against the personnel at his facility, specifically that he is being "targeted" and "harassed" by Corrections Officers and that his legal mail is being "seized" in violation of his constitutional rights. (*Id.* at 1.) Godwin also alleges that he is being forced to take medication and is being used "as a Ginnie [sic] Pig." (*Id.* at 2.) He asks this Court to "have the FBI/USMS find out why there [sic] tampering" with his legal mail. (*Id.* at 1–2.) Godwin also makes mention of information regarding where thirty bodies are buried and asks the Court "to have (FBI) to come, speak w/ them, to (confess) were [sic] there's (30) bodies buried." (*Id.* at 2.)

First, it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. This type of ex parte communication undermines the structure of the Federal Rules of Civil Procedure and Rules of Practice of the United States District Court for the District of Arizona ("Local Rules"); if permitted, these communications would cause ethical dilemmas for the judiciary. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192 (C.D.

Cal. 1989). Any request for action by the Court must be in the form of a motion that complies the Local Rules.

Second, the Court does not have the authority to compel law enforcement agencies to investigate matters. *See Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (affirming denial of a request for a writ of mandamus to compel the FBI to investigate plaintiff's allegations of criminal violations of her civil rights because "[i]nitiation of a criminal investigation by the F.B.I. is clearly a discretionary act").

Finally, the Court, in its discretion, declines to construe the allegations in Godwin's letter as a civil rights action. A prisoner should not be obligated to proceed with a civil rights action unless he clearly indicates that he wishes to do so. Civil rights actions by prisoners are subject to the Prisoner Litigation Reform Act, which imposes filing fee obligations for prisoners, requires the Court to sua sponte screen civil rights actions, and limits the number of in forma pauperis civil rights actions a prisoner can file.

Moreover, even if this Court were to construe Godwin's letter as a civil rights action, venue is not proper in the District of Arizona because all of the events alleged occurred at U.S.P. Terre Haute in Terre Haute, Indiana and all the individuals accused are located there. *See* 28 U.S.C. § 1391(b).[1] If Godwin wants to pursue a civil rights claim based on his allegations, he should do so in the United States District Court for the Southern District of Indiana, Terre Haute Division. *See* 28 U.S.C. § 94(b)(2).

---

[1] 28 U.S.C. § 1391(b) provides that a civil action may be brought in

    (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district located;

    (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Godwin's Motion to Investigate (Doc. 111) is **DENIED.**

Dated this 23rd day of November, 2021.

_____
Honorable Raner C. Collins
Senior United States District Judge